IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

|  |  |
|---|---|
| CHEROKEE GENERAL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-412C |
| | ) (Judge E. Kaplan) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

_____ )

## **AMENDED ANSWER AND COUNTERCLAIM**

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in paragraph 1 to the extent supported by the contracting officer's final decisions cited, which are the best evidence of their contents. The remaining allegations contained in paragraph 1 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegation contained in paragraph 2 constitutes a conclusion of law to which no answer is required.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the request for proposal and contract cited, which are the best evidence of their contents; otherwise denies the allegations.

6. Admits the allegations contained in paragraph 6 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations.

7. Admits the allegations contained in paragraph 7 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations.

8. Admits the allegations contained in paragraph 8 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations.

9. Admits the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the third sentence of paragraph 9 to the extent supported by the task order cited; otherwise denies the allegations. The remaining allegations contained in paragraph 9 constitute plaintiff's characterization of the case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the task order cited, which is the best evidence of its contents; otherwise denies the allegations.

11. Admits the allegations contained in paragraph 11 to the extent supported by the request for proposal and task order cited, which are the best evidence of its contents; otherwise denies the allegations.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents. The remaining allegations contained in paragraph 12 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of act, they are denied.

13. The allegations contained in paragraph 13 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations.

17. Admits the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 17 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second and third sentences of paragraph 18. The remaining allegations contained in paragraph 18 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in the first sentence of paragraph 21 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 21 to the extent supported by the cure notice cited, which is the best evidence of its contents, but avers that the cure notice was issued on January 24, 2017; otherwise denies the allegations.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations. Denies the allegation contained in the second sentence of paragraph 22. The allegations contained in the third sentence of paragraph 22 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in sentences four through seven of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the final sentence of paragraph 23 to the extent supported by the specification cited, which is the best evidence of its contents; otherwise denies the allegations. The remaining allegations contained in paragraph 23 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.     Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the specification cited, which is the best evidence of its contents; otherwise denies the allegations.  The remaining allegations contained in paragraph 24 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25.     Denies the allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.  Denies the allegations contained in the second sentence of paragraph 25.  The remaining allegations contained in paragraph 25 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     Admits the allegation contained in the first sentence of paragraph 26 only to the extent that CGC notified USACE regarding CGC's belief that the SP-3 changes constituted a material change to the project that would result in delays to the project's critical path.  The remaining allegations contained in paragraph 26 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27.     The allegations contained in the first sentence of paragraph 27 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.     Admits the allegation contained in the first sentence of paragraph 28 only to the extent that CGC and USACE met in February and March to discuss the SP-3 design.  Admits the

5

allegation contained in the second sentence of paragraph 28 only to the extent that CGC notified USACE of its belief that the SP-3 change would delay completion of the project.  The remaining allegations contained in paragraph 28 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegation contained in the second sentence of paragraph 29 that the SP-3 design was approved on March 24, 2017.  Admits the remaining allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations.

30. Admits the allegations contained in the first sentence of paragraph 30 to the extent supported by the request for proposal cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the second sentence of paragraph 30.

31. Denies the allegations contained in the first sentence of paragraph 31.  Admits the allegations contained in the second sentence of paragraph 31 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegation contained in the third sentence of paragraph 31 that USACE issued an unpriced change order (UCO) on April 17, 2017.  The remaining allegations constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in the first and second sentences of paragraph 32 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations.  Admits the allegations contained in the third sentence of paragraph 32 to the extent supported by the modification and email cited, which are the best evidence of their contents; otherwise denies the allegations.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. The allegations contained in paragraph 34 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies the allegation contained in paragraph 35 that CGC spent substantial time investigating the condition and confirming its existence for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of the allegations contained in paragraph 35 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Admits the allegation contained in the first sentence of paragraph 39 that USACE informed CGC that USACE had requested additional funding in the amount of $5 million.  The remaining allegations contained in paragraph 39 constitute plaintiff's characterization of its case

and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in the first sentence of paragraph 40 that USACE and CGC continued to discuss aspects of SP-3 and that CGC submitted revised pricing on May 25, 2017. The remaining allegations contained in paragraph 40 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Admits the allegation contained in the second sentence of paragraph 41 that USACE stated to CGC the possibility of terminating the task order for convenience or default. Admits the allegations contained in the third sentence of paragraph 41 to the extent supported by the contract and UCO cited, which are the best evidence of their contents; otherwise denies the allegations. The remaining allegations contained in paragraph 41 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits the allegations contained in paragraph 42 to the extent supported by the show cause letter cited, which is the best evidence of its contents. The remaining allegations contained in paragraph 42 also constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Admits the allegations contained in the first sentence of paragraph 43 to the extent supported by the show cause letter and other correspondence cited, which are the best evidence of their contents; otherwise denies the allegations.

44.     Admits the allegation contained in the first sentence of paragraph 44 that CGC responded to the show cause letter on June 5, 2017.  Admits the allegation contained in the second sentence of paragraph 44 that USACE terminated the task order for default on June 8, 2017.  The remaining allegations contained in paragraph 44 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45.     Admits the allegations contained in the first sentence of paragraph 45 that, at the time of termination, USACE had not paid CGC for base contract work performed in April or May 2017, for the material purchased pursuant to the UCO, or for additional costs alleged by CGC.  The remaining allegations contained in paragraph 45 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46.     Admits the allegation contained in the first sentence of paragraph 46 that, following termination of the contract, CGC and its surety engaged in discussions with USACE regarding the termination decision and potential options for completion of the project.  Admits the allegations contained in the second sentence of paragraph 46.  The remaining allegations contained in paragraph 46 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47.     Admits the allegation contained in the first sentence of paragraph 47 that USACE did not allow CGC or its surety to participate in completion of the project.  Admits the allegation contained in the second sentence of paragraph 47 only to the extent that, in response to CGC's FOIA request, USACE produced documents on November 20, 2017.  Avers that, on March 21,

2018, CGC withdrew its FOIA request. Denies the allegations contained in the third sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in paragraph 47 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admits the allegations contained in the first and second sentences of paragraph 48 to the extent supported by the past performance information retrieval system cited, which is the best evidence of its contents. The remaining allegations contained in paragraph 48 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits the allegations contained in paragraph 49 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations.

50. Admits the allegations contained in paragraph 50 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations.

51. Admits the allegations contained in paragraph 51 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations.

52. Admits.

53. Admits.

54. The allegations contained in paragraph 54 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in the first sentence of paragraph 55 only to the extent that USACE acknowledged that CGC had notified USACE that CGC believed it had

encountered unsuitable soils in April 2017.  The remaining allegations contained in paragraph 53 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in paragraph 57 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations.

58. Admits the allegations contained in the first sentence of paragraph 58 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents. The remaining allegations contained in paragraph 58 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Admits.

61. Admits the allegations contained in paragraph 61 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations.

62. Admits the allegations contained in paragraph 62 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations.

63. The allegations contained in paragraph 63 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. Defendant's responses to paragraphs 1 through 63 are incorporated by reference.

65. The allegations contained in paragraph 65 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegation contained in paragraph 66 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

67. The allegation contained in paragraph 67 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

68. Defendant's responses to paragraphs 1 through 67 are incorporated by reference.

69. The allegation contained in paragraph 69 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

70. The allegations contained in paragraph 70 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegation contained in paragraph 71 constitutes plaintiff's characterization of its case and a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

72. Defendant's responses to paragraphs 1 through 71 are incorporated by reference.

73. The allegations contained in paragraph 73 constitute plaintiff's characterization of its case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. The allegation contained in paragraph 74 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

75. Defendant's responses to paragraphs 1 through 74 are incorporated by reference.

76. The allegations contained in paragraph 76 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegation contained in paragraph 77 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

78. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 77, or to any relief whatsoever.

79. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

80. Plaintiff's claims are barred, in whole or in part, to the extent that it failed to mitigate, minimize, or avoid any damage it allegedly sustained.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

## DEFENDANT'S COUNTERCLAIM

81. This counterclaim arises under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101 *et seq.*, because the claim arises from the same operative facts as plaintiff's claim and involves the same costs as those set forth in the second count of plaintiff's complaint. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1503, 2508, and 41 U.S.C. § 7103. The claim asserted below is the subject of a final decision by the contracting officer.

82. Defendant and counterclaim plaintiff is the United States, acting by and through the United States Army Corps of Engineers (USACE).

83. Plaintiff and counterclaim defendant is Cherokee General Corporation (CGC).

84. On September 16, 2016, USACE awarded Task Order 0012 YTC Repair Selah Airstrip under Contract W912DW-14-D-1002 (contract) to CGC for the repair and improvement of Selah Airstrip, located at Yakima Training Center in Yakima, WA.

85. The notice to proceed was issued on September 29, 2016. Work was to be completed on the project no later than May 27, 2017.

86. On January 24, 2017, USACE issued a cure notice to CGC notifying CGC of its delinquent performance as the initial step of a termination procedure and informing CGC that its lack of progress on the project constituted a condition endangering performance of the contract.

87. In the cure notice, USACE stated that CGC's submittals were not submitted in accordance with the timelines specified in the contract, and that the submittals did not comply with contract requirements, necessitating multiple resubmissions. USACE also stated in the cure notice that CGC's submittal delays impacted CGC's ability to make progress on the project and pushed weather-sensitive construction activities into winter.

88. USACE further stated in the cure notice that CGC had not met scheduled dates for physical work on the project, which put the contract in jeopardy of not being completed by the required completion date.

89. In the cure notice, USACE invited CGC to respond within seven days to confirm the actions CGC intended to take, and notified CGC that, if CGC did not bring its performance current with the approved schedule within 15 days, USACE might terminate the contract for default.

90. On February 1, 2017, CGC responded to the cure notice, stating that it realized the severity of the cure notice and that it would take necessary actions required to deliver the project on time.

91. Although CGC resolved some of the issues detailed in the cure notice, it continued to have significant performance issues, including failure to provide and adhere to reliable schedules, as well as provide adequate quality control, particularly with regard to aggregate crushing operations.

92. On April 17, 2017, USACE issued a contract modification directing CGC to continue work in certain specific areas and to commence work on the drainage system portion of the project, and extending the performance period to July 15, 2017.

93. On May 26, 2017, USACE issued a show cause notice to CGC, notifying CGC of its failure to make significant progress toward completion of the project with only 49 days remaining in the contract, and stating that it did not appear possible for CGC to complete the contract within the allotted time.

94. The show cause notice delineated multiple areas of concern, including CGC's failure to adequately manage its schedule, its failure to provide adequate quality control in its

aggregate crushing operations and at the airfield, its failure to timely submit approvable submittals, and its failure to comply with contract requirements.

95. In the show cause notice, USACE stated that, due to CGC's lack of progress, failure to provide and adhere to schedules, and failure to provide adequate quality control, USACE was considering terminating the contract for default. USACE invited CGC to respond to the show cause notice within 10 days with a plan for how to complete the contract, and any other pertinent information.

96. On June 5, 2017, CGC responded to USACE's show cause notice but did not include a recovery schedule and estimated that it would not be able to complete the runway work and a portion of the taxiway aggregate work on the project until October 1, 2017, and would not be able to complete the remaining work on the project until spring of 2018.

97. On June 8, 2017, USACE issued a termination letter to CGC notifying CGC that the contract was terminated for default in accordance with Federal Acquisition Regulation 52.249-10. USACE cited CGC's failure to make progress, failure to provide and adhere to schedules, and failure to provide adequate quality control, as reasons for the termination. USACE also cited CGC's failure to cure critical activities in response to the January 24, 2017 cure notice.

98. In the termination letter, USACE stated that, although CGC responded to the show cause notice, the response only promised to provide a schedule at a future date rather than submitting a schedule with the response. USACE also noted that, in its response to the show cause notice, CGC estimated that it would not be able to complete the runway work and only a portion of the taxiway aggregate work until October 1, 2017.

99. On August 4, 2017, USACE awarded a replacement contract to complete work on the Selah Airstrip to Alutiiq General Contractors, LLC.

100. In procuring the replacement contract, the Government incurred $110,458.19 in excess reprocurement costs, solely attributable to the effort to solicit and award a replacement contract to fulfill the requirements that CGC failed to perform.

101. The Government also incurred $3,438,147.94 in increased costs on the replacement contract, as the replacement contractor required additional funding to perform the work not completed by CGC.

102. Due to damage to the project site caused by CGC, the Government incurred $3,245,045.97 in repair costs. USACE was required to restore areas unnecessarily over-excavated by CGC to below the subgrade elevation shown in the contract. USACE was also required to remove and dispose of unknown and uncategorized fill that CGC had placed in excavated areas as a substitute for the native materials CGC had removed.

103. On September 11, 2018, USACE issued a contracting officer's final decision and demand for payment to CGC in the total amount of $7,434,842.10, which includes: (1) $110,458.19 in excess reprocurement costs; (2) $3,438,147.94 in increased costs on the replacement contract; (3) $3,245,045.97 in costs to repair damage to the project site caused by CGC; and (4) $641,190 in liquidated damages pursuant to Specification 00 73 00 of the contract, calculated as the daily liquidated damages ($1,474) multiplied by the delay of at least 435 days in completing the contract.

104. To date, CGC has not paid the excess reprocurement costs, replacement contract costs, repair costs, or liquidated damages demanded by the contracting officer's final decision.

105. Therefore, CGC is liable to the Government for excess reprocurement costs, replacement contract costs, repair costs, and liquidated damages in the amount of $7,434,842.10, plus interest.

106. This counterclaim does not waive, and the Government expressly reserves, the right to collect this debt via administrative means pursuant to the Contract Disputes Act, common law, 28 U.S.C. § 3003(c)(6), FAR 32.606, and any other applicable law or regulation.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor upon plaintiff's claims and defendant's counterclaim, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

/s/ Sosun Bae
SOSUN BAE
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7568
Fax: (202) 514-8624

Dated: October 29, 2018          Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of October, 2018, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

              /s/ Sosun Bae
               Sosun Bae